# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

DAVID A. YOUNG,
    Plaintiff,

v.                                    Case No. 3:16cv298/RV/EMT

PNC BANK, N.A.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

State court Defendant PNC Bank, N.A. ("PNC") initiated this action by filing a Notice of Removal seeking to remove a state court action filed by Plaintiff in the county court in and for Okaloosa County, Florida, Case No. 2016-SC-000650-C (ECF No. 1).  Now pending is Plaintiff's "Counterclaim and Brief to Defendant's (Wrongdoers) Notice of Filing Notice of Removal and Request this Case Be Remanded Back to Oklaoosa County Small Claims Court under Common Law of England, Florida Statute 2.01 and Florida Republic Common Law and Request a Trial by Jury," which the court construes as a motion to remand this action to state court (ECF No. 5).  Defendant has responded to the construed motion to remand (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes that Plaintiff's motion for remand should be denied.

Plaintiff commenced this action in the Small Claims Division of the Okaloosa County Court, claiming trespass or harm to his property by the bank, whom Plaintiff identifies as a "Wrongdoer" (ECF No. 1-2 at 7, 9). Plaintiff does request $1.00 but also "[a] release / satisfaction / discharge of both mortgage lien and note" (ECF No. 1-2 at 7). The principal amount of the Note and Mortgage is $276,000.00 (*see, e.g.,* ECF No. 1-3 at 3; *see also* ECF No. 11 at 3–5).

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which generally provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed.

Defendant removed the case to this Court on two bases. First, under the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), an action may be removed as long as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Plaintiff does not appear to challenge the diverse citizenship of the parties, and Defendant points out that the parties are indeed diverse, as Plaintiff lives

in Florida and the Defendant Bank is incorporated in the state of Delaware (ECF No. 11 at 3).  However, Plaintiff does contend that the amount in controversy "only involves $1.00 in compensation" (ECF No. 5 at 2).  Defendant states that this assertion is contradicted by the allegations in the complaint

Where, as here, the action seeks injunctive or declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."  Ericsson GE Mobile Comm'ns, Inc. v. Motorola Comm'ns & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997) (quoting Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 345 (1977)); *see also* Lane v. Guar. Bank, No. 6:13-cv-259-Orl-36TBS, 2013 WL 2436240 (M.D. Fla. June 5, 2013) (citing Ericsson GE Mobile Comm'ns, Inc., 120 F.3d at 218); Property Choice Group, Inc. v. LaSalle Bank Nat. Ass'n, No. 8:12-cv-1042-T-23MAP, 2012 WL 2568138, at *1 (M.D. Fla. July 2, 2012) (citing Shannon v. Enterprise Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002)).  Because Plaintiff seeks to dissolve the mortgage lien, the value of such that would flow to Plaintiff were he to be successful exceeds the threshold amount for diversity jurisdiction.  Removal on this basis is therefore proper.

As Defendant additionally states, Plaintiff also appears to found his claim at least partially on "Title 62, Banking Law" as well as "SEC Securities Law, and

Federal Law" (ECF No. 1-2 at 9).[1]  Though Plaintiff's references to these federal laws are threadbare and hard to discern, as is the rest of his complaint,[2] federal question jurisdiction would nevertheless arise from this action to the extent it arises under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *see also* Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808–09 (1986); Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998).  Plaintiff does not appear to challenge this basis for removal despite the fact that Defendant relied in part on federal question jurisdiction in its Notice of Removal (ECF No. 1 at 4).

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Plaintiff's construed motion for remand (ECF No. 5) be **DENIED**.

At Pensacola, Florida, this 2<u>nd</u> day of August 2016.

/s/ *Elizabeth M. Timothy*

---

[1] Plaintiff ostensibly means to cite not to Title 62 but to Title 12 of the United States Code, which is titled "Banks and Banking."

[2] Plaintiff's complaint appears to emanate from what this and many other courts have come to recognize as the "Sovereign Citizen Movement," whose adherents generally advance the argument that individuals, as natural humans, are their own "Secured Party Sovereigns," citizens of the United States only by contracts which are constrained through such laws as the Uniform Commercial Code (UCC), one of the results evidently being that the individual is not properly or jurisdictionally subject to the laws of the state or federal government.  *See, e.g.,* Schlager v. Beard, 398 Fed. Appx. 699, 701-702 (3d Cir. 2010); Rowe v. Pennsylvania, No. 13-4094, 2014 WL 2805245 at *3 (E.D. Pa. Jun 20, 2014); Gravatt v. United States, 100 Fed. Cl. 279, 286-289 (Fed. Cl. 2011).

ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.