# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

DAVID A. YOUNG,

    Plaintiff,

vs.                                                        Case No.: 3:16cv298/RV/EMT

PNC BANK, N.A.,

    Defendant.
_____/

# **O R D E R**

This cause comes on for consideration upon the chief magistrate judge's Report and Recommendation, dated January 29, 2018 (doc. 33) (Report). The parties have been provided a copy of the Report and been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636. I have made a *de novo* review of all timely filed objections.

Having considered the Report, and any timely filed objections thereto, I have determined that it should be accepted in part, and rejected in part. Specifically, I agree with the Report to the extent it recommends that the plaintiff's motion for summary judgment (doc. 13) be denied. However, for the following reasons, I disagree with the Report to the extent it recommends that the defendant's motion to dismiss (doc. 16) be denied.

## I. Standard of Review

To survive a motion to dismiss, a complaint must contain enough factual matter, taken as true, to state a claim for relief that is "plausible" on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also id.* at 679 (noting "a complaint that states a plausible claim for relief survives a motion to dismiss"). It is not enough to put forth facts showing it is *possible* that a defendant *might* be liable. *See id.* at 683 (stating that plaintiff must "allege more by way of factual content to 'nudg[e]' his claim . . . 'across the line from conceivable to plausible'") (quoting *Twombly*, 550 U.S. at 570). To meet the plausibility standard, the plaintiff must plead sufficient facts that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Federal Rules of Civil Procedure do not require that factual allegations be set forth in detail—Rule 8(a) only requires a "short and plain statement" showing that plaintiff is entitled to relief—the allegations must be "enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678 (Rule 8(a) does not require any "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly,* 550 U.S. at 555). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and take all the facts alleged therein as true.

**II. Background**

At the time relevant to this case, the plaintiff, David A. Young, owned property located at 111 Mohawk Trail, Crestview, Florida, secured with a mortgage held by the defendant, PNC Bank. On or about July 27, 2015, the plaintiff visited a PNC Bank branch with a two-page document purporting to be a "Promissory Note, Negotiable Security Instrument . . . ." While the document was mostly illegible and incoherent (doc. 24 at 12-13), one page bore the heading "Release of Mortgage and Note for 111 Mohawk Trail, Crestview, Florida," below which the following statement appeared: "Find enclosed negotiable security instrument . . . regarding Final payoff, CASE NO. ****** 3101." A bank employee or manager, Lara Waters, signed the document as "Received/Accepted" by her on July 27, 2015. The plaintiff believed that this alleged "final payoff" and "accepted release" extinguished his debt and that he did not have to continue making mortgage payments. Unsurprisingly, the bank disagreed.

The plaintiff subsequently filed this action, *pro se*, in the Florida County Court for Okaloosa County, Small Claims Division. The complaint alleged that the bank was liable for "trespass," and it sought "compensation for the initial and continual trespass upon my property." The plaintiff appears to concede that the bank did not physically trespass onto his property; rather, he maintains the "injury and trespass . . . is that the Defendant is threatening foreclosure and a bad credit rating with low credit scores if

the Plaintiff does not continue paying the monthly payments for an alleged debt that has been paid-in-full with full settlement as of 27 July, 2015" (*see* doc. 24 at 2). The defendant removed the action to this federal court and then filed a motion to dismiss, which, as noted, the Magistrate Judge recommends be denied.

**III. Discussion**

As the Report notes, the plaintiff's pleadings indicate that he subscribes to what is known as the "Sovereign Citizen Movement." So-called sovereign citizens believe that as "natural humans" (or sovereigns) they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, *extinguish debts*, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (emphasis added). Their arguments and outlandish legal theories have been consistently rejected. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation

omitted).[1]

After close and careful review, I find that this lawsuit is frivolous and must be dismissed. There are several reasons for dismissal, as stated in the defendant's motion and in its objections to the Report (docs. 16 and 34), but perhaps the most obvious is this: an alleged breach of contract and attempt to quiet title—which is really what this case is—cannot support a claim for trespass to real property under Florida law, which requires either "unauthorized *entry* onto another's property" [*Pearson v. Ford Motor Co.*, 694 So.2d 61, 69 (Fla. 1st DCA 1997) (emphasis added)], or "*injury to or use of* the land of another, by one who has no right or authority whatever." *Brown v. Solary*, 19 So. 161, 164 (Fla. 1896) (emphasis added); *see also Glen v. Club Mediterranee, S.A.*, 450 F.3d 1251, 1254 n.1 (11th Cir. 2006) (quoting *Guin v. City of Riviera Beach*, 388 So.2d 604, 606 (Fla. 4th DCA 1980)). While the plaintiff alleges (and I accept as

---

[1] While the plaintiff does not appear to specifically identify himself as a "sovereign citizen," his complaint and myriad pleadings (through which he is trying to extinguish a lawful and legitimate debt under a bizarre legal theory) bear all the hallmarks of the sovereign citizen theory. For example, his incoherent pleadings regularly cite the Uniform Commercial Code [*see United States v. Perkins,* 2013 WL 3820716, at *1-*2 (N.D. Ga. 2013) (noting sovereign citizens often file "lots of rambling, verbose" pleadings that, *inter alia*, "rely heavily on the Uniform Commercial Code") (Carnes, Julie, J.)]; he at times avoids using his own name and instead identifies himself (e.g., in the caption of this lawsuit) as either "me" or "i", or prefacing his name with "All Rights Reserved" [*see United States v. Mitchell*, 405 F. Supp. 2d 602, 605–06 (D. Md. 2005) (noting that sovereign citizens "will often attempt to avoid conferral of jurisdiction onto a court by refusing to identify themselves")]; and he repeatedly stresses that he is prosecuting this case *not* as a plaintiff but as "an injured living human man on land." *See United States v. Alexio*, 2015 WL 4069160, at *3 (D. Hawai'i 2015) (noting that sovereign citizens believe in a "somewhat mystical distinction between a 'person' and a 'human being'"); *see also, e.g., Trevino v. Florida*, 687 Fed. Appx. 861, 862 (11th Cir. 2017) (dismissing as frivolous sovereign citizen lawsuit filed by a "living, breathing, flesh and blood human being").

true) that the bank threatened him with "foreclosure and a bad credit rating with low credit scores" if he did not pay his mortgage, such "threats" do not constitute "entry onto another's property" or "injury to or use of the land of another."

## IV. Conclusion

The defendant's motion to dismiss (doc. 16) is GRANTED. The plaintiff's motion for summary judgment (doc. 13) is DENIED. All other pending motions are denied as moot, and the clerk is directed to close this case.

**DONE AND ORDERED** this 12th day of March 2018.

/s/ Roger Vinson
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**